UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. PRATHER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 05-CV-310-FHM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## ORDER

Plaintiff, John C. Prather, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's March 12, 2003 application for Supplemental Security Income benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held December 9, 2004. By decision dated December 17, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on April 5, 2005 (R. 5, Notice of Appeals Council Action bears a date stamp of Apr 5 2004). The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born September 1, 1952, and was 52 years old at the time of the hearing. [R. 36, 52, 178]. He claims to have been unable to work since June 1973, due to Chronic Fatigue Syndrome (CFS), headaches, high blood pressure, depression and muscle pain. [R. 56]. The ALJ determined that Plaintiff has medically determinable impairments of hypertension, depression and chronic fatigue but that none of these impairments are severe. [R. 18]. The case was thus decided at step two of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not based upon substantial evidence. Specifically, Plaintiff contends the ALJ: 1) failed to perform a proper evaluation at step two; 2) failed to perform a proper evaluation of the opinion of his treating physician; and 3) failed to perform a proper credibility determination. For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.

Although the ALJ listed "chronic fatigue" as a medically determinable impairment in Finding No. 2 [R. 18], earlier statements in his decision indicate he rejected Chronic Fatigue Syndrome as a diagnosis:

> The claimant's more recent treatment notes, dated August through December of 2004, all mention chronic fatigue syndrome with muscle ache. However, all of his laboratory tests have been negative.

[R. 16] (exhibit citations excluded).

> While the claimant has mentioned fatigue over the years, all lab work has been negative and the diagnosis of Chronic Fatigue Syndrome first appeared in 2004 treatment notes.

[R. 16].

There is no test for CFS. The ALJ appears to have rejected CFS as a diagnosis because no definite test or specific laboratory findings support such a diagnosis. This lack of testing, however, does not preclude the diagnosis of CFS. According to Social Security Ruling 99-2p, the hallmark symptom of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset and cannot be explained by another physical or mental disorder. Because the ALJ discounted the symptoms of CFS, as well as Plaintiff's other subjective complaints, the ALJ did not meaningfully conduct an analysis of the effect of CFS on Plaintiff's functional limitations. *See Sisco v. United States Dep't of Health & Human Servs.,* 10 F.3d 739, 744 (10th Cir.1993) (holding ALJ erred in rejecting unrebutted medical diagnosis of chronic fatigue syndrome based on lack of conclusive laboratory tests when there were no such "dipstick" tests available for chronic fatigue syndrome). As acknowledged by the ALJ, Plaintiff underwent a battery of blood tests and laboratory work-ups several

times between 1979 and 2003 because of chronic complaints of tiredness which resulted in findings of "no evidence of significant disease.". [R. 93, 103-104, 112-116, 120, 123-124]. Because chronic fatigue syndrome is diagnosed partially through a process of elimination, an extended medical history of 'nothing-wrong' diagnoses is not unusual for a patient who is ultimately found to be suffering from the disease. *Sisco,* 10 F.3d at 745. Therefore, lack of positive laboratory tests is not a proper basis for rejection of the diagnosis of CFS.

Moreover, the ALJ's comment that the diagnosis first appeared in 2004 treatment notes, even if this were so, is not a sufficient basis for discounting the diagnosis. See 42 U.S.C. § 423(d)(1) (defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").[2] The ALJ's failure to recognize CFS as an impairment at step two was error.

Once a medically determinable impairment of CFS has been found to exist, the severity of the impairment must be established.

> [I]f an adjudicator concludes that an individual has a medically determinable impairment, and the individual alleges fatigue, pain, symptoms of neurocognitive problems, or other symptoms consistent with CFS, these symptoms must be considered in deciding whether the individual's impairment is "severe" at step 2 of the sequential evaluation process and at any later steps reached in the sequential

---

[2] Records from both Indian Health care clinics where Plaintiff received medical treatment from as far back as 1986, document frequent and consistent complaints of extreme fatigue as well as muscle soreness, sore throat and swollen lymph nodes. [R. 93, 94, 102, 122, 125, 128, 132, 160]. These symptoms are listed in SSR 92-2p as medical signs establishing the existence of CFS as a medically determinable impairment.

> evaluation process. If fatigue, pain, neurocognitive symptoms, or other symptoms are found to cause a limitation or restriction having more than a minimal effect on an individual's ability to perform basic work activities, the adjudicator must find that the individual has a "severe" impairment. See SSR 96-3p, "Titles II and XVI: Considering Allegations of Pain and Other Symptoms in Determining Whether a Medically Determinable Impairment is Severe."

SSR 99-2p *4.

Although the ALJ did discuss his credibility determination, albeit in conclusory fashion, with regard to Plaintiff's claim of severe fatigue in general terms, his failure to evaluate Plaintiff's complaints of chronic and extreme fatigue as it relates to his CFS impairment is error. Upon remand, the Commissioner must determine the functional implications of Plaintiff's fatigue and other CFS related symptoms described in the medical record in resolving the severity aspect of Plaintiff's impairment. *See Rose v. Shalala*, 34 F.3d 13 (1st Cir. 1994) ("Because the medical evidence bound the [Commissioner] to find that claimant does have CFS, the [Commissioner] had no choice but to conclude that the claimant suffers from the symptoms usually associated with CFS, unless there was substantial evidence in the record to support a finding that claimant did not endure a particular symptom or symptoms."). In this case, the record does not contain any meaningful evidence to support a finding that Plaintiff did not suffer from a significant level of fatigue on a regular basis.

The Court finds the ALJ failed to properly consider Plaintiff's claim involving CFS at step two and REVERSES AND REMANDS the case for reconsideration on that basis. Because this case is remanded for reconsideration of the evidence at step two,

the Court does not address Plaintiff's remaining allegations of error relating to subsequent steps in the evaluative sequence.

      SO ORDERED this 28th day of June, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE